John D. BOONE, Plaintiff,

v.

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Defendant.

Civ. A. No. 5986.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 7, 1957.

Byrnes & Wallace, Bentley G. Byrnes, New Orleans, La., H. H. Richardson, Bogalusa, La., for plaintiff.

Bienvenu & Culver, P. A. Bienvenu, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Plaintiff claims that while working as a shaper in the sawmill or woodworking

plant operated by defendant's assured, the J. S. Harrison Wood Products Company, he contracted the occupational disease known as "pneumoconiosis" which is compensable under the Louisiana Compensation Act. LSA–R.S. 23:1031.1, subd. A(6).

The evidence shows that the Harrison plant was a sweatshop of the lowest order in so far as health conditions of its employees were concerned. The entire plant was laden with wood dust and shavings sometimes five to six feet deep. No blowers of any kind were used in the plant to take off the wood dust created by the machines and no masks or other protective equipment were available to the employees. The only occasion for cleaning the plant, other than those times when the shavings got so high as to interfere with the employees' ability physically to feed the machines, was in the late afternoon while the employees were still working. At this time the wood dust which had adhered to inside walls and ceilings was blown off, thereby causing more dust to circulate in the working atmosphere. The purpose of cleaning the walls and ceiling of the adherent dust was not to protect the health of the employees, but to lower the premiums on the fire insurance.

Plaintiff was working under these conditions for the Harrison Company from 1947 to April 23, 1955, at which time he fell ill with what was first diagnosed as pneumonia and later as cancer of the right lung. On July 21, 1955, the right lung was removed. Following the operation, through its efforts to do the work of two lungs, the left lung became distended, occupying to some extent the cavity created by the excision of the right lung, as well as its normal space. On December 3, 1955, a thoracoplasty, an operation designed to confine the lung within its prescribed space and thus avoid distention, was performed. Boone has not returned to work since his operations.

Plaintiff gave notice to his employer of his claim that he was suffering from a compensable occupational disease on July 7, 1956 and filed this suit on July 18, 1956. The plaintiff's claim here is not predicated on the cancer of the right lung or the removal thereof, neither of which is compensable under the statute. He states that he is now disabled by reason of pneumoconiosis in his left lung. Two eminent medical specialists on the faculty of the medical school at Tulane University support his claim. On cross-examination these experts admit that the medical profession generally at the present time does not consider a lung or bronchial condition caused by vegetable dust[1] pneumoconiosis. They insist, however, that there is a growing realization in the profession that vegetable dust, such as from wood or bagasse, can and does result in inflammation of the bronchia and the lungs and may in extreme cases be disabling. They say that pneumoconiosis can exist without fibrosis in the lungs, although again they concede that a fibroid condition is generally included in the present concept of pneumoconiosis by the medical profession. They cite medical authorities to support their positions.[2]

1. Dust created by cutting wood is considered vegetable, as distinguished from mineral, dust.

2. From The Principle of Internal Medicine, Harrison, p. 1514:
"Pneumoconiosis is a generic term embracing all chronic changes in the lung induced by the prolonged inhalation of dust of a nonlining character with no implication as to the type of severity of the change. This definition is so broad that the term no longer connotes disease."
From The Diseases of Occuption, Hunter, p. 915:

"Vegetable dusts, including pollen and fungus spores, are often large enough to be trapped in the nose and upper respiratory passages (see p. 838). Many of these produce asthma, hay fever and urticaria. Dusts of particle size small enough to reach the alveoli sometimes produce acute and chronic bronchitis, chronic emphysema, and even bronchopneumonia, fibroid lung and bronchiectasis. They include the dusts of bagasse, cotton, derris, flax, flour, grain, gum arabic, hay, hemp, jute, linseed, malt, nuts, paprika, seeds, sisal, straw, tea,

The defendant, while facing up to the question as to whether pneumoconiosis can be caused by wood dust and citing eminent medical authorities to show that irritation caused by wood dust is not included in the generally accepted definition of pneumoconiosis,[3] also maintains that this action, in any event, is time-barred since notice of the occupational disease was not given to the employer within four months of its discovery and suit was not filed herein within one year of that time, all as required by the Louisiana compensation statute.[4] Defendant's expert, also a distinguished specialist from the Ochsner Clinic where he has had occasion to study at first hand lung and bronchial conditions caused by the inhalation of vegetable dust such as bagasse, testified that not only is the currently accepted definition of pneumoconiosis limited to fibroid conditions in the lung caused by the inhalation of mineral dust, but that examination of Boone's remaining lung discloses no condition whatever attributable to the inhalation of wood dust.

In this court's view, it is not necessary to rule on the time defenses made by the defendant nor to explore the very interesting question as to whether the presently accepted medical concept of pneumoconiosis includes inflammation and distention of the lungs caused by vegetable dust. Any disability from which Boone is presently suffering is, in all probability, more attributable to the residuum of his pneumonectomy[5] rather than any lung condition caused by wood dust in his remaining lung. It is true that the records of the hospital where the pneumonectomy was performed indicate that Boone was suffering from emphysema[6] in both lungs. But emphysema may result from many things, including smoking, which Boone does, or previous respiratory ailments, which Boone had, as well as from the inhalation of wood dust.

Judgment for the defendant.

tobacco and wood. The study of the effects of these substances has been neglected partly because the chronic bronchitis which may result from their prolonged inhalation is unaccompanied by any characteristic X-ray picture indicative of dust inhalation as is the case with pneumoconiosis due to mineral dusts. The chronic effects of vegetable dusts are thus easily distinguished from non-occupational bronchitis."

3. Blakiston's New Gould Medical Dictionary, 1953 Ed., defines pneumoconiosis as follows:

"Chronic inflammation of the lungs caused by the inhalation of dust. All of the recognized forms are due to mineral dusts. (Neither irritations of the bronchial tree nor acute infections resulting from inhalation of organic dusts are classed as pneumoconioses.) The predominant reaction is fibrosis, which varies in type with the etiologic dust. Silicosis and asbestosis are the main forms of pneumoconiosis known to cause disability. Other forms, known as benign pneumoconioses, in which the reaction is limited to the stromal tissues, are anthracosis, due to carbon dust, siderosis, due to iron dust, calcicosis, due to marble dust, and baritosis, due to barium dust."

Webster's Dictionary, Second Ed., defines pneumoconiosis as follows:

"A disease of the lungs caused by the habitual inhaling of minute mineral or metallic particles, as of coal dust in anthracosis, quartz dust, calcicosis, etc."

4. LSA–R.S. 23:1031.1(C) reads as follows:

"All claims for disablement arising from an occupational disease are forever barred unless the employee files a claim with his employer within four months of the date of his contraction of the disease, or within four months of the date that the disease first manifested itself. Notice filed with the compensation insurer of such employer shall constitute a claim as required herein."

LSA–R.S. 23:1209 reads, in pertinent part, as follows:

"In case of personal injury * * * all claims for payments shall be forever barred unless within one year after the accident * * * proceedings have been begun as provided in Parts III and IV of this Chapter. * * * Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops * * *."

5. Operation for removal of lung.

6. A disease characterized by impairment of the elasticity of the lungs.